**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 17-47-DLB-JGW**

KATHERINE JONES                                                                       **PLAINTIFF**

V.                          <u>**MEMORANDUM OPINION & ORDER**</u>

SEDGWICK CLAIMS MANAGEMENT                                            **DEFENDANTS**
SERVICES, INC. and FAMILY DOLLAR, INC.

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.       INTRODUCTION**

Defendant Family Dollar, Inc. ("Family Dollar") moves to dismiss Plaintiff Katherine

Jones's Complaint, arguing that she has failed to state claims upon which relief can be

granted.  (Doc. # 6).  Specifically, Family Dollar contends that Plaintiff's tort claim is barred

by the statute of limitations and that Kentucky law does not support Plaintiff's bad-faith

claim.  The Motion to Dismiss is fully briefed (Docs. # 8 and 9) and ripe for review.  The

Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**II.      FACTUAL AND PROCEDURAL BACKGROUND**

On June 15, 2015, Plaintiff slipped and fell at Family Dollar in Florence, Kentucky.

(Doc # 1-1 at 2).  Plaintiff alleges that her fall was caused by Family Dollar's failure to

clean up or caution customers about the wet floor.  *Id.*  Plaintiff claims that on the day of

the fall, a Family Dollar employee took her information and that the manager on duty filed

a claim regarding the incident with Sedgwick, who Plaintiff alleges insures Family Dollar.

*Id.* at 3.  Since June 15, 2015, Plaintiff claims that she has made diligent efforts to follow

up on the claim, including multiple attempts to reach Sedgwick by phone, mail, and email. *Id.* Plaintiff alleges that her matter was passed to at least three different claims agents, that her messages went unreturned, and that her requests for supervisor contact information were disregarded. *Id.* Plaintiff claims that she injured both her wrist and back during the fall, and that she incurred and is still incurring medical bills due to complications from her injuries. *Id.*

On March 2, 2017, Plaintiff filed the instant action in Boone County Circuit Court, asserting claims for premises liability and bad faith against Family Dollar and Sedgwick (collectively "Defendants"). (Doc. # 1-1 at 2-3). Specifically, Plaintiff claims that Family Dollar had a duty to exercise reasonable care to protect Plaintiff when she was on Family Dollar's premises, and that Family Dollar breached that duty. *Id*. at 4. Plaintiff's bad-faith claim arises out of the Unfair Claims Settlement Practices Act ("UCSPA"). KY. REV. STAT. ANN. § 304.12-230. [1] Plaintiff claims that both Family Dollar and Sedgwick had an obligation "to investigate and resolve Plaintiff's claim in a timely and thorough manner" and that "Defendants have failed to meet this obligation through delay, obfuscation, and failure to communicate with the Plaintiff in a timely manner regarding her claim."[2] (Doc. 1-1 at 4).

---

[1]     While the Complaint alleges that Defendants are "required by [KY. REV. STAT. ANN. §] 304.12-30 to investigate and resolve Plaintiff's claim in a timely and thorough manner," the Court will assume that Plaintiff intended to cite § 304.12-230. (Doc. # 1-1 at 4). All other briefing documents, including Family Dollar's Motion to Dismiss, cite § 304.12-230 as the statutory basis for the bad-faith claim. (Doc. # 6-1 at 4-5).

[2]     Plaintiff also claims that Sedgwick "has not attempted in good faith to effectuate prompt, fair and equitable settlement of claims brought by the Plaintiffs in which liability is reasonably clear." (Doc. # 1-1 at 4). However, since this Memorandum Opinion and Order is concerned only with Family Dollar's Motion to Dismiss, the Court will not address Plaintiff's allegations against Sedgwick or Sedgwick's pending Motion for Summary Judgment. (Doc. # 10).

On March 24, 2017, Sedgwick, with the consent of Family Dollar, removed this action to federal court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1). On March 25, 2017, Family Dollar moved to dismiss Plaintiff's Complaint. (Doc. # 6). Family Dollar claims that Plaintiff has failed to state a claim upon which relief can be granted for two reasons: (1) the statute of limitations bars Plaintiff's premises-liability claim, and (2) Kentucky law prohibits bad-faith claims under the UCSPA against an entity, like Family Dollar, who is not engaging in the business of entering into contracts of insurance. (Doc. # 6-1 at 4-6).

III.    ANALYSIS

A. Standard of Review

To survive a Rule 12(b)(6) Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 55. While the court must accept all allegations contained in the complaint as true, the court need not accept "as true unwarranted factual inferences, or legal conclusions unsupported by well-pleaded facts." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).

B. Choice of Law

Before considering the issues raised in Family Dollar's Motion to Dismiss, the Court must determine which State's law governs. As a federal court sitting in diversity, this Court must apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor*

3

*Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).   Therefore, Kentucky choice-of-law rules

govern.   Kentucky courts strongly favor Kentucky law and apply "Kentucky substantive

law *whenever possible.*"   *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069, 1071 (6th Cir.

1983).   The first step in the choice-of-law analysis is to identify the substantive area of

law from which the instant claim arises.   *See Petro v. Jones*, No. 6:11-CV-00151-GFVT,

2013 WL 756756, at *7 (E.D. Ky. Feb. 27, 2013) (citing *Miller Truck Lines, LLC v. Cent.*

*Refrigerated Serv., Inc.*, 781 F. Supp.2d 488, 491 (W.D. Ky. 2011)).   If the claim sounds

in tort, the Court applies the significant contact test, which requires a court to apply

Kentucky law "if there are significant contacts—not necessarily the most significant

contacts—with Kentucky."   *Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972); *see also*

*Saleba v. Schrand*, 300 S.W.3d 177, 181 (Ky. 2009).

Although the parties do not address the choice-of-law issue in their briefs, they

apparently all believe that Kentucky law applies, and the Court agrees.[3]   In tort actions,

"the occurrence of an accident in Kentucky is, by itself, sufficient" to meet the significant

contact test and justify the application of Kentucky law.   *Harris*, 712 F.2d at 1071.   Here,

the significant contact test is satisfied.   Plaintiff's accident, which gave rise to the instant

action, occurred in Florence, Kentucky, and the Complaint states that all events

mentioned occurred in Kentucky.   (Doc # 1-1 at 2).   Accordingly, the strong preference

for applying Kentucky law and the existence of significant contacts with Kentucky, dictate

---

[3]      The Court must go through the choice-of-law analysis only when there is a potential for
conflict between two states' laws.   *Cf. Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir.
2005).   If there is no potential for conflict, Kentucky law applies.   Family Dollar is a citizen of North
Carolina; thus, North Carolina law could potentially apply.   Without engaging in an analysis of
North Carolina law to determine whether a conflict exists, the Court concludes Kentucky law would
apply even if a conflict existed.

that Kentucky law governs this dispute.

### C. Premises-liability Claim

Family Dollar moves to dismiss Plaintiff's premises-liability claim on the grounds that the claim is barred by the applicable statute of limitations. (Doc. # 6-1 at 5-6) (citing under KY. REV. STAT. ANN. § 413.140(1)(a)). While Rule 12(b) does not specifically address motions to dismiss based upon the alleged expiration of the applicable statute of limitations, "the prevailing rule is that a complaint showing on its fact that relief is barred by an affirmative defense," including the defense of limitations, "is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978). However, dismissal of a complaint because it is barred by the applicable statute of limitations is proper only "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir.1984). In this regard, Plaintiff's Complaint must be liberally construed in determining whether the action is time-barred. *Ott v. Midland–Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir.1975).

The statute of limitations for personal-injury claims in Kentucky is settled law. KY. REV. STAT. ANN. § 413.140(1)(a). "An action for injury to the person of the plaintiff" shall be commenced within one year after the cause of action accrued. *Id.* Slip-and-fall cases are subject to the limitations period in KY. REV. STAT. ANN. § 413.140(1)(a). *Everman v. Miller*, 597 S.W.2d 153, 154 (Ky. Ct. App. 1979); *see also Landel v. Kroger Co.*, No. 2013-CA-001637-MR, 2015 WL 226114, at *2 (Ky. Ct. App. Jan. 16, 2015). Because Plaintiff's personal-injury action arises from a slip-and-fall accident on Family Dollar's premises, Plaintiff's claim is subject to the one-year statute of limitations.

While the parties agree that KY. REV. STAT. ANN. § 413.140(1)(a) establishes the statute of limitations for Plaintiff's claim, they disagree over whether the statute of limitations has been tolled pursuant to KY. REV. STAT. ANN. § 413.190(b). Plaintiff claims that the statute of limitations should be tolled under KY. REV. STAT. ANN. § 413.190(2) because Family Dollar obstructed the prosecution of her personal-injury action. (Doc. # 8 at 1-2). Family Dollar counters that the tolling provision does not apply because it only tolls actions brought against Kentucky residents. (Doc. # 6-1 at 6). The Court finds that the statute of limitations was not tolled, and therefore, the statute of limitations bars Plaintiff's claim. Thus, Family Dollar's Motion to Dismiss is **granted** with respect to Plaintiff's premises-liability claim.

Kentucky law has a long history of tolling statutes of limitations when a resident of the state obstructs the prosecution of an action. *See Coleman v. Walker*, 60 Ky. (3 Met.) 65, 68 (Ky. 1860); *see also Bybee's Ex'r v. Poynter*, 77 S.W. 698, 700 (Ky. 1903). The tolling statute Plaintiff attempts to rely on reads in relevant part:

> When a cause of action mentioned in [KY. REV. STAT. ANN. §§ 413.090, 413.160] accrues *against a resident of this state*, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced.

KY. REV. STAT. ANN. § 413.190(2) (emphasis added). In accordance with the text of the statute, Kentucky has consistently restricted application of this tolling statute to actions against Kentucky residents. *See, e.g.*, *Seldon v. Preston*, 74 Ky. (11 Bush) 194, 198 (Ky. 1874); *Daly v. Power*, 59 S.W.2d 10, 12 (Ky. 1933); *Skaggs v. Fyffe*, 187 S.W.2d 281, 282 (Ky. 1945). Although these cases are old, they are still good law.

Here, Plaintiff provides no facts to support a claim that Family Dollar is a Kentucky resident. Under Kentucky law, courts have consistently held that corporations who are neither incorporated nor headquartered in Kentucky are not Kentucky residents. *Sparacino v. Shepherd Commc'n, Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 WL 631240, at *5 (W.D. Ky. Feb. 12, 2015); *see also Fluke Corp. v, LeMaster*, 306 S.W.3d 55, 62 n.9 (Ky. 2010). Plaintiff admits that at all times relevant to this action Family Dollar has been headquartered in North Carolina. (Doc. # 1-1 at 2). Plaintiff fails to mention where Family Dollar is incorporated. The Complaint does allege that Family Dollar is authorized to do business in Kentucky, transacts a substantial amount of business in Kentucky, and has store locations in Kentucky. *Id.* However, these facts alone are insufficient to establish residency.

Because Family Dollar is not a resident of Kentucky, the statute of limitations was not tolled. The events that gave rise to Plaintiff's premises-liability claim occurred on June 15, 2015, when she slipped and fell. (Doc. # 1-1 at 2). Plaintiff did not file her Complaint until March 2, 2017, over twenty months after the cause of action accrued, and well past the expiration of the one-year statute of limitations. *Id.* at 1. As such, her claim is barred under KY. REV. STAT. ANN. § 413.140(1)(a). For the reasons herein stated, Family Dollar's Motion to Dismiss is **granted** with respect to Plaintiff's premises-liability claim.

### D. Bad-faith Claim

Family Dollar also moves to dismiss Plaintiff's bad-faith claim under the UCSPA because the UCSPA only applies to persons who are engaged in the insurance business. (Doc. # 6-1 at 4-5). Plaintiff argues that even if Family Dollar itself does not participate in the insurance business, Family Dollar is liable under the doctrine of *respondeat superior*

because Family Dollar's agent, Sedgwick, engages in the business of insurance contracting. (Doc. # 8 at 1). The Court finds that Family Dollar is not subject to the UCSPA. Thus, Family Dollar's Motion to Dismiss is also **granted** with respect to Plaintiff's bad-faith claim.

The UCSPA was enacted "'to protect the public from unfair trade practices and fraud' and therefore 'should be liberally construed so as to effectuate its purpose.'" *Cobb King v. Liberty Mut. Inc.*, 54 F. App'x 833, 836 (6th Cir. 2003) (quoting *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988)). Although the statute should be liberally construed, courts also caution that "the UCSPA was clearly intended to regulate the conduct *of insurance companies*." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 96 (Ky. 2000) (emphasis added). Accordingly, the Kentucky Supreme Court has limited the scope of persons covered under the UCSPA and restricted the UCSPA's application "only to those persons or entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance.'" *Id.* at 102 (quoting KY. REV. STAT. ANN. § 303.1-040). Consequently, the UCSPA does not apply to self-insureds or uninsureds. *Id.* The UCSPA is further limited by KY. REV. STAT. ANN. § 304.12-220, which states that "person" under the UCSPA "shall not mean an insured." The Kentucky Department of Insurance, the agency charged with the implementation of the UCSPA, has also limited its application "to insurance companies and their agents in the negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance." *Id.* at 98.

Here, Plaintiff provides no evidence that Family Dollar is in the business of entering into contracts of insurance. Plaintiff only claims that Sedgwick participates in the

insurance business. (Doc. # 1-1 at 2). There is no evidence that Family Dollar negotiated, settled, or paid any insurance claims. *Id.* at 2-4. Instead, the Complaint states that Family Dollar promptly filed Plaintiff's claim with Sedgwick and that subsequently Plaintiff was in contact with Sedgwick regarding her claim. *Id.* at 3. After all, Family Dollar is the *insured*. There is no set of facts in the Complaint that support a plausible claim that Family Dollar engaged in the business of entering into insurance contracts, and therefore, Family Dollar cannot be held liable for an unfair settlement practice under the UCSPA.

In an attempt to circumvent this inescapable conclusion, Plaintiff argues that Family Dollar is liable under the doctrine of *respondeat superior* for the actions of Sedgwick, which was acting as its agent. (Doc. # 8 at 1). This argument is untenable.

Under the doctrine of *respondeat superior*, an employer is liable for the conduct of its employee when the employee acted with the intent, however misguided, to further the employer's business. *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005). However, an employer is not responsible for actions of its agent unless the employer "has the power or responsibility to control the method, manner, and details" of the individual's work. *Nazar v. Branham*, S.W.3d 599, 607 (Ky. 2009). In contrast, if the "individual is free to determine how work is done" and the employer is only concerned with the end result, then that individual does not subject the employer to *respondeat superior* liability. *Id.*

Even assuming Sedgwick was acting as Family Dollar's agent, Plaintiff's Complaint fails to allege that Family Dollar controlled the method, manner, or details of Sedgwick's handling of Plaintiff's claim. (Doc. # 1-1 at 3). As insureds typically do, it appears Family Dollar simply filed Plaintiff's claim with Sedgwick. *Id.* In fact, Plaintiff alleges that she "made diligent efforts by phone, mail and email to keep contact with [Sedgwick] regarding

9

her claim," which indicates that she viewed Sedgwick, rather than Family Dollar, as responsible for resolving her claim. *Id.* The lack of evidence that Family Dollar controlled Sedgwick's work suggests that Family Dollar is not subject to *respondeat superior* liability for Sedgwick's action or inaction.

Furthermore, characterizing the insured-insurer relationship between Family Dollar and Sedgwick had as an employer-agent relationship goes against the fundamental purpose of insurance. Insurance is designed to protect the insured against loss and to transfer liability for potential losses from the insured to the insurer. *Ashland Hosp. Corp. v. Affiliated FM Ins. Co.*, No. 0:11-cv-16-DLB, 2013 WL 4400516 at *7 (E.D. Ky. Aug. 14, 2013). The insured does not retain responsibility over how the insurer handles claims, and therefore, the insured-insurer relationship lacks the dynamic that forms the basis of a *respondeat superior* claim. While there is a dearth of case law, the courts seem to agree that an employer-agent relationship under the doctrine of *respondeat superior* is substantially different than an insured-insurer relationship. *See Williamson v. Schneider*, 205 S.W.3d 224, 229 (Ky. Ct. App. 2006). Plaintiff herself did not point to any relevant case law to suggest that Family Dollar should be liable under the doctrine of *respondeat superior*. (Doc. # 8 at 1). Given the lack of factual support in the Complaint and the lack of precedential legal support, Plaintiff has not provided a set of facts which could plausibly support holding Family Dollar responsible for Sedgwick's actions under the doctrine of *respondeat superior*.

Moreover, Kentucky law clearly states that insureds, such as Family Dollar, are not subject to liability under the UCSPA. KY. REV. STAT. ANN. § 304.12-220. Therefore, applying *respondeat superior* liability in this case would render the statute's explicit

exclusion of insureds meaningless. Accordingly, courts have held that corporations with insurance carriers are shielded from UCSPA liability. *See Killin v. Bogs*, No. 2007-CA-000584-MR, 2008 WL 4951807 (Ky. Ct. App. Nov. 21, 2008) (stating that a bad-faith claim under the UCSPA cannot be imputed to a corporation with an insurance carrier because the corporation is an insured); *see also Davidson*, 25 S.W.3d at 95 (presuming that appellants characterized appellee as 'self-insured" rather than "insured with a high deductible" because the UCSPA does not apply to the insured). Plaintiff appears to accept that Family Dollar is insured by Sedgwick. [4] (Doc. # 1-1 at 3-4). This fact is dispositive of Plaintiff's bad-faith claim. Family Dollar's statutory protection under KY. REV. STAT. ANN. § 304.12-220 supersedes any possible common law claim under the doctrine of *respondeat superior*.

Kentucky law prohibits bringing bad-faith claims based on the UCSPA against an entity such as Family Dollar that is not engaged in the insurance business. Therefore, Plaintiff's bad-faith claim must be dismissed. Family Dollar's Motion to Dismiss (Doc. # 6) is **granted in full**, and Family Dollar is dismissed as a party to this action.

## IV. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)    Defendant Family Dollar, Inc.'s Motion to Dismiss (Doc. # 6) is **GRANTED**;

(2)    Plaintiff Katherine Jones's Complaint (Doc. # 1-1 at 1-5) is **DISMISSED** with respect to her claims against Defendant Family Dollar, Inc.; and

---

[4]    In its Answer, Sedgwick denies the allegation that Sedgwick insures Family Dollar. (Doc. # 5 at 3).

(3)     Defendant Family Dollar, Inc. is **DISMISSED** as a party to this action, as the Court has dismissed and adjudicated all claims against it.

This 27th day of June, 2017.



Signed By:

David L. Bunning

United States District Judge

K:\DATA\Opinions\Covington\2017\17-47 Jones MOO.docx